# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

ERIC STENSON,

           Petitioner,    :    Case No. 1:15-cv-810

   - vs -                         District Judge Michael R. Barrett
                                        Magistrate Judge Michael R. Merz

WARDEN,
  Warren Correctional Institution,

                                                 :

           Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 is before the Court for decision on the merits. Mr. Stenson filed his Petition on December 21, 2015 (ECF No. 1). On Magistrate Judge Bowman's Order for Answer (ECF No. 3), the Respondent has filed the State Court Record (ECF No. 6) and a Return of Writ (ECF No. 7). Mr. Stenson then filed a timely Traverse (ECF No. 9). The case was later transferred to the undersigned as part of the ongoing process of balancing the magistrate judge workload in the Western Division (ECF No. 10).

Mr. Stenson pleads the following grounds for relief:

> **Ground One:** The Jury Verdict was not supported by sufficient evidence and violated Petitioner's Due Process and equal protection rights under Ohio and Federal Constitution.
>
> **Supporting Facts:** Beyond obstruse [sic] and ambiguous testimonies and faulty identification, there was no pure evidence provided that gave Petitioner nexus to any crime he was charged with committing.

> **Ground Two:** The jury finding was against the manifest weight of the evidence and violated Petitioner's right to Due process and Equal protection of the law under the Ohio and Federal Constitution.
>
> **Supporting Facts:** The jury was provided insufficient evidence and therefore clearly lost its way due to the adroit presentation in which the prosecution chose to paint a picture based upon a bunch of crimes allegedly committed in more than one venue.
>
> **Ground Three:** Petitioner's due process and equal protection rights under the Fourteenth Amendment were violated with the inclusion of other crimes in another venue without proper jurisdiction.
>
> **Supporting Facts:** The trial court had no jurisdiction to try a matter for which it did not have venue.
>
> **Ground Four:** Petitioner received ineffective assistance of counsel guaranteed by the Sixth Amendment of the Constitution of the United States.
>
> **Supporting Facts:** Trial counsel's performance was deficient and prejudiced Petitioner when trial counsel allowed the trial court without objection to try Petitioner in a matter for which the trial court did not have venue.

(Petition, ECF No. 1.)


**Procedural History**


On March 26, 2014, a Butler County grand jury indicted Stenson on seven counts of robbery allegedly occurring on six different dates and at seven different places and times in both Butler and Hamilton counties. The jury returned a verdict of guilty on counts two through five and seven, but were unable to return a verdict on counts one and six (State Court Record, ECF No. 6, PageID 37-38). Counts one and six were then dismissed and Stenson was sentenced to an

aggregate sentence of eighteen years imprisonment.

Stenson appealed to the Twelfth District Court of Appeals, but his counsel filed an *Anders* brief which Stenson supplemented pro se. In it he raised what appear to be the same issues raised here: insufficiency of the evidence, verdict against the manifest weight of the evidence, the venue issue, and a claim of ineffective assistance of trial counsel. The court considered all the arguments and dismissed the appeal as wholly frivolous. *State v. Stenson*, Case No. CA2014-07-155, 2015-Ohio-3101, 2015 Ohio App. LEXIS 3023 (12th Dist. Aug. 3, 2015), appellate jurisdiction declined, 144 Ohio St. 3d 1409 (2015).

While the appeal was pending, Stenson filed in the trial court a pro se motion to dismiss for lack of jurisdiction. After the trial court had not acted for about five months, he filed in the Ohio Supreme Court a petition for writ of mandamus to compel a decision on that motion. The Ohio Supreme Court dismissed the petition on motion of the State and Stenson then filed his Petition for Writ of Habeas Corpus in this Court.

## Analysis

**Ground One: Insufficiency of Evidence**

In his First Ground for Relief, Petitioner asserts he was convicted on insufficient evidence.

Stenson pleads this claim as arising under the Due Process and Equal Protection Clauses

3

of both the federal and Ohio Constitutions. Federal habeas corpus is available only to correct federal constitutional violations. 28 U.S.C. § 2254(a); *Wilson v. Corcoran*, 562 U.S. 1 (2010); *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982); *Barclay v. Florida*, 463 U.S. 939 (1983). Therefore this Court cannot consider whether Stenson's conviction violates any clause of the Ohio Constitution. The Court is also unaware of any possible Equal Protection Clause claim that would "fit" with insufficiency of the evidence.

On the other hand, an allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia*, 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d 987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990)(en banc). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson v. Virginia*, 443 U.S. at 319; *United States v. Paige*, 470 F.3d 603, 608 (6th Cir. 2006); *United States v. Somerset*, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio 2007). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship*, *supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. ___, 136 S. Ct. 709, 193

L. Ed. 2d 639 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214)(the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard,* 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson v. Virginia* and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); accord *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011)(en banc); *Parker v. Matthews*, 132 S. Ct. 2148, 2152 (2012). Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger*, 595 F.3d 647, 656 (6th Cir. 2010).

5

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U. S. 1, ___, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (per curiam). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" Ibid. (quoting Renico v. Lett, 559 U. S. ___, ___, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. ___, ___, 132 S. Ct. 2060, 2062 (2012)(per curiam).

Because the Twelfth District dismissed the entire appeal as "wholly frivolous," it did not provide an analysis of the sufficiency of the evidence. In lieu of such a summary, Respondent provides a summary of the testimony relied on by the prosecution (Return of Writ, ECF No. 7, PageID 708-14). If the summary is accurate, it certainly describes sufficient evidence to convict, including video recordings of Stenson himself. Petitioner does not even attempt to show that Respondent' summary is inaccurate (Traverse, ECF No. 9, PageID 718-19). He says there is no "pure" evidence, without explaining what that means. He claims the identifications are faulty, but he does not say why. What is faulty with the video identification or the in-court identification? There was certainly sufficient evidence when viewed most favorably to the prosecution, to support the jury's verdict.

On top of deference to the jury, this Court is also bound to defer, absent a showing to the contrary, to the determination made by the Twelfth District. Even though there is no analysis of the evidence, the Twelfth District's decision must be treated as made on the merits. *Harrington v. Richter*, 562 U.S. 86, 103 (2011). Given the evidence summarized by the Respondent, the

Twelfth District's decision on this assignment of error is entitled to AEDPA deference – it is not an objectively unreasonable application of *Jackson*, *supra*.  Therefore Ground One should be dismissed with prejudice.

**Ground Two:  Manifest Weight of the Evidence**

In his Second Ground for Relief, Stenson asserts his convictions are against the manifest weight of the evidence.  Respondent argues this claim is not cognizable in habeas corpus and Petitioner concedes that is so (Traverse, ECF No. 9, PageID 719).  The Sixth Circuit has also decided weight of the evidence claim is not a federal constitutional claim.  *Johnson v. Havener*, 534 F.2d 1232 (6th Cir. 1986).

Ground Two should therefore be dismissed without prejudice for failure to state a claim upon which relief can be granted.

**Ground Three:  Improper Venue – Lack of Jurisdiction**

In his Third Ground for Relief, Mr. Stenson claims he was denied due process and equal protection when he was tried in Butler County for some offenses which allegedly occurred in Hamilton County.

As Respondent points out, venue is not an element of Ohio crimes.  *State v. Jackson*, 141 Ohio St. 3d 171 (2014).  Therefore failure of the prosecution to present evidence on this issue would not cause the evidence to be insufficient under *Jackson v. Virginia*, *supra.*

The Sixth Amendment to the United States Constitution guarantees a defendant a "speedy

7

and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law. . . ." In general, Ohio has designated the "districts" in which felony cases are to be tried by giving general felony jurisdiction to Common Pleas Courts and providing one such court for every county. Ohio Revised Code § 2901.12(A) provides generally that trial will be held in the "territory of which the offense or any element of the offense was committed." However, Ohio Revised Code § 2901.12(H) provides that when an offender commits offenses in different jurisdictions "as part of a course of criminal conduct. . . ," the offender may be tried for all the offenses in any of the jurisdictions.

Ohio Revised Code § 2901.12(H) is not unconstitutional as it was applied here to Mr. Stenson to be tried in Butler County for offenses that happened both there and in Hamilton County as part of the same course of criminal conduct. There is no unfairness in recognizing the substantial judicial economies available from permitting trial of all the offenses from one course of conduct in one trial.

Most of what Mr. Stenson has written in his Traverse about challenging jurisdiction is not relevant because it is not a jurisdictional question that is being dealt with, but a venue question. Ohio law vests jurisdiction over felony offenses in the Common Pleas Courts, then allocates felony trials among those courts with the venue statute. The federal Constitution requires only that trials be in the "State and district" where the offenses occurred and that the "district" be specified beforehand by law.

Mr. Stenson complains that if each of these offenses had been tried in the county where it occurred, offenses in the other county would have been "other acts" not admissible to show guilt

by inference from bad character.  That result is unclear under Ohio evidence law, as other acts are admissible to show identity or modus operandi.  But regardless of the result under Ohio evidence law, the federal Constitution does not prohibit introduction of other acts testimony. *Bugh v. Mitchell*, 329 F.3d 496, 500 (6th Cir. 2003).

Particularly troubling to the Court is Mr. Stenson's argument about racial composition of possible juries in Butler and Hamilton Counties.  He is correct that Butler County is "overwhelmingly white." (Traverse, ECF No. 9, PageID 723.)  As of July 1, 2015, Butler County was 86.0% white.[1]  But as of the same date and from the same official source, Hamilton County was only 26.2% black or African-American and therefore hardly "overwhelmingly black" as Stenson asserts. *Id.*  But no criminal defendant charged with committing a number of crimes in two contiguous counties has a constitutional right to have the case tried in the county which has more potential jurors of his own ethnicity.  Stenson's Third Ground for Relief is without merit.

**Ground Four:  Ineffective Assistance of Trial Counsel**

In his Fourth Ground for Relief, Mr. Stenson claims he suffered ineffective assistance of trial counsel.  As he acknowledges, the governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel

---

[1] Per the United States Census Bureau at www.census.gov.

9

> was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance*, 556 U.S. 111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168 (1986); *Wong v. Money*, 142 F.3d 313, 319 (6th Cir. 1998); *Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). *See generally* Annotation, 26 ALR Fed 218.

As evidence of counsel's deficient performance, Mr. Stenson cites his failure to object to

10

the trial in Butler County of offenses that occurred both there and in Hamilton County (Traverse, ECF No. 9, PageID 723-25).  But it cannot be deficient performance to fail to raise a completely meritless (or as the Twelfth District put it "wholly frivolous") objection.

Since there was no deficient performance, the prejudice prong of *Strickland* does not require analysis.  The Court is, however, surprised that one of the prejudicial consequences cited is that direct appeal was to the Twelfth District Court of Appeals rather than the First.  Having heard many habeas corpus cases arising from both courts, this Court has never heard any petitioner express a strong preference for the First over the Twelfth.  Having reviewed many decisions of those two courts, the undersigned cannot imagine why a criminal defendant would expect a more favorable result from one or the other of those courts.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition be DISMISSED WITH PREJUDICE.  Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

December 28, 2016.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. .Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).