THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION CINCINNATI

ERIC STENSON,

    Petitioner,

vs.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,

    Respondent.

Case No.1:15-CV-00810-MRB

Judge Michael R Barrett

**ORDER ADOPTING REPORT & RECOMMENDATION**

This matter is before the Court on Petitioner's objection (Doc. 12) to Magistrate Judge Michael R. Merz's report (Doc. 11) recommending dismissal of Stenson's habeas corpus petition brought under 28 U.S.C. § 2254.

I.    **BACKGROUND**

The magistrate judge's report accurately summarizes the factual and procedural posture of this case, which will not be restated here unless necessary to address Petitioner's objection. In sum, a Butler County Grand Jury indicted Petitioner on March 26, 2014 on seven counts of robbery, which allegedly occurred on six different dates and at seven different places and times in both Butler and Hamilton counties. At trial, the jury returned a verdict of guilty on Counts 2-5 and 7, but was unable to return a verdict on counts one and six (Doc. 6, PageID 37-38), which were then dismissed. Stenson was sentenced to an aggregate sentence of eighteen years imprisonment. In its Judgment of Conviction Entry, the trial court

1

deemed consecutive sentencing appropriate and stated that "at least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct." (Doc. 6, PageID 70). Stenson appealed his sentence through counsel, who filed an *Anders* brief. Stenson supplemented the brief *pro se*. His appeal raised the same issues that have been collaterally attacked in this proceeding. The appellate court dismissed his appeal as frivolous. *State v. Stenson*, Case No. CA2014-07-155, 2015-Ohio-3101, 2015 Ohio App. LEXIS 3023 (12th Dist. Aug. 3, 2015), appellate jurisdiction declined, 144 Ohio St. 3d 1409 (2015).

While his appeal was pending, Stenson filed a motion to dismiss in the trial court challenging the trial court's jurisdiction. After the trial court had not acted for about five months, he filed in the Ohio Supreme Court a petition for writ of mandamus to compel a decision on that motion. The Ohio Supreme Court dismissed the petition on motion of the State and Stenson then filed his Petition for Writ of Habeas Corpus in this Court. The magistrate judge issued an R&R (Doc. 11), and Petitioner timely filed his objection (Doc. 12).

## II. STANDARD

This Court shall consider objections to a magistrate judge's order on a nondispositive matter and "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P.

2

72(a). When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

### III. ANALYSIS

Stenson's habeas petition challenges his conviction on multiple grounds, all of which were rejected by the magistrate judge. Stenson's sole objection to the R&R challenges only the magistrate judge's analysis with respect to Stenson's jurisdiction/venue arguments. Therefore, the Court deems those Section 2254 grounds preserved; all other grounds for *habeas* relief have been waived. *McGuire v. Mitchell*, No. 3:99-CV-140, 2007 U.S. Dist. LEXIS 50325, at *15 (S.D. Ohio July 2, 2007).

Stenson claims he was denied due process and equal protection when he was tried in Butler County for some offenses which allegedly occurred in Hamilton County. The magistrate judge thoroughly addressed this argument, and Petitioner's objection fails to offer any valid reason that this Court should reject the analysis of the magistrate judge. Indeed, Ohio Revised Code § 2901.12(H) provides that when an offender commits offenses in different jurisdictions "as part of a course of criminal conduct" the offender may be tried for all the offenses in any of the jurisdictions. In his objection, however, Petitioner argues that the State has taken conflicting

positions on whether his actions constituted a "course of conduct." It appears that Petitioner is arguing that some form of estoppel applies, although such an estoppel argument was never presented to the trial Court (Doc. 6, PageID 67, 129) or in his habeas petition (Doc. 1). The argument is arguably procedurally defaulted. *Lung v. Warden, Chillicothe Corr. Inst.*, No. 1:14-cv-149, 2015 U.S. Dist. LEXIS 106839, at *8 (S.D. Ohio Aug. 13, 2015).

Even if the estoppel argument were not procedurally defaulted, though, it would fail. According to Petitioner, the Butler County trial court relied on the continuing "course of conduct" language in Ohio Revised Code § 2901.12(H) when it exercised jurisdiction over certain offenses allegedly occurring in Hamilton County, while it took the opposite position when it sentenced Petitioner consecutively. (Doc. 12, PageID 742-43). Petitioner contends that sentencing him consecutively essentially equates to an admission that the trial court's jurisdiction was lacking, as consecutive sentences imply that the underlying offenses were *not* committed as part of a course of conduct. Petitioner's argument is based on faulty factual and legal premises.

First, the argument is factually faulty because the trial court's Judgment of Conviction Entry expressly states that "at least two of the multiple offenses were committed as part of one or more courses of conduct[.]" (Doc. 6, PageID 70). In other words, the trial court's finding that the offenses were committed as part of a

4

course of conduct comports with the court's exercise of jurisdiction over offenses occurring in Hamilton County, consistent with Ohio Revised Code § 2901.12(H).[1]

Second, the argument is legally faulty because, under Ohio law, offenses committed as part of a continuing course of conduct are eligible for consecutive sentencing. To determine whether a defendant should be sentenced consecutively or concurrently, Ohio law directs the courts to determine whether the offenses at issue are "allied offenses." Ohio Rev. Code § 2941.25. Concurrent sentences are appropriate in the following circumstances:

> If the multiple offenses can be committed by the same conduct, then the court must determine whether the offenses were committed by the same conduct, i.e., 'a single act, committed with a single state of mind.'" *Johnson* at ¶ 49, quoting *State v. Brown*, 119 Ohio St.3d 447, 2008-Ohio-4569, ¶ 50, 895 N.E.2d 149 (Lanzinger, J., concurring in judgment only). If the answer to both questions is yes, the offenses will merge. *Johnson* at ¶ 50.

*State v. Henderson*, 2014-Ohio-5782, ¶ 36 (Ct. App.) (citing *State v. Johnson*, 128 Ohio St.3d 153, 2010 Ohio 6314, 942 N.E.2d 1061)). Therefore, some offenses conducted as part of a continuing course of conduct will qualify for concurrent sentencing, and some will not. See *State v. Dodson*, 2012-Ohio-5576, ¶ 49, 983 N.E.2d 797, 813 (Ct. App.) ("[T]he issue to be determined . . . is not simply whether there is one course of conduct, but whether there is *one* course of conduct *with one*

---

[1] Furthermore, the Court agrees with the magistrate judge's conclusion that "Ohio law vests jurisdiction over felony offenses in the Common Pleas Courts, then allocates felony trials among those courts with the venue statute. The federal Constitution requires only that trials be in the 'State and district' where the offenses occurred and that the 'district' be specified beforehand by law." (Doc. 11, PageID 736). Petitioner's objection is thus to venue. For the reasons stated by the magistrate judge, his venue objection fails.

*single state of mind*. If there is a separate 'animus' for each crime, then the crimes are not allied offenses even if they are committed in the same course of conduct.") (citing *Johnson*) (emphases in original).

Accordingly, Petitioner's objection is not well taken.

IV. **CONCLUSION**

For the foregoing reasons, Stenson's Petition (Doc. 1) is **DISMISSED**. Because reasonable jurists would not disagree with the Court's conclusion, and Petitioner has not made a showing of a substantial denial of a constitutional right, he is denied a certificate of appealability. As any appeal would be objectively frivolous, Petitioner shall not be granted leave to appeal *in forma pauperis*. Case No. 1:15-cv-810 is **CLOSED AND TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

           *s/Michael R. Barrett*
           HON. MICHAEL R. BARRETT
           UNITED STATES DISTRICT JUDGE